UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RHINE REYNOLDS (#505533)                                         CIVIL ACTION

VERSUS

BURL CAIN, WARDEN                                                NO. 13-0041-SDD-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The State has filed Procedural Objections in response to the Petitioner's Application, and the Petitioner has filed a Traverse in opposition to the State's Objections.  There is no need for oral argument or for an evidentiary hearing.

The Petitioner, Rhine Reynolds, challenges his conviction, entered upon a plea of guilty in 2009 in the Eighteenth Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, on one count of second degree murder.  The Petitioner contends (1) that the trial court erred during the guilty plea colloquy by failing to sufficiently advise the Petitioner regarding his right to remain silent and to not incriminate himself, (2) that the Petitioner was denied his right to due process and his privilege against self-incrimination during the guilty plea colloquy, (3) that the trial court erred in denying a motion to quash the indictment based upon improper venue, (4) that the trial court erred in its determination of venue when it failed to take into account the Petitioner's statements regarding the parish in which the victim was killed, and (5) that the trial court erred in refusing to allow the introduction of expert testimony on the subject of blood lividity to establish the parish in which the victim was likely killed.

After his arrest in June, 2007, the Petitioner participated in multiple interviews with West Baton Rouge Parish law enforcement officials and ultimately admitted to having choked the

victim, whose body was discovered in West Baton Rouge Parish, at his house located in East Baton Rouge Parish.  The Petitioner thereafter moved to quash the indictment issued in West Baton Rouge Parish, contending that venue was improper in that parish because the victim had in fact been killed in East Baton Rouge Parish.  State Record, p. 11.  After hearings conducted on January 9, 2008, and June 22, 2009, respectively, the trial court denied the motion to quash, reasoning that it could not conclusively determine where the death had occurred and that venue was therefore proper in West Baton Rouge Parish where the victim's body had been discovered, relying upon La. Code Crim. P. art. 611.[1]  *See* State Record, pp. 178-79, 216-17.  After denial of the venue motion on June 22, 2009, the Petitioner decided to plead guilty to the charge levied against him, reserving the right to challenge on appeal the trial court's ruling as to venue.  *See* State Record, pp. 51, 180-81.  The Petitioner was then sentenced to the mandatory sentence of life imprisonment, without the benefit of probation, parole, or suspension of sentence.  *See* State Record, pp. 191-92.

On direct appeal, the Petitioner asserted that the trial court erred in denying the motion to quash the indictment based upon improper venue, abused its discretion by failing to take into account the Petitioner's statements regarding the parish in which the offense had occurred, and abused its discretion by failing to allow the defense an opportunity to present expert medical testimony regarding blood lividity.  On May 7, 2010, the Petitioner's conviction and sentence were affirmed by the Louisiana Court of Appeal for the First Circuit.  *See State v. Reynolds*, 39

---

1. Article 611 of the Louisiana Code of Criminal Procedure provides, in pertinent part, that "[a]ll trials shall take place in the parish where the offense has been committed," but "[i]f the offender is charged with the crime of first or second degree murder and it cannot be determined where the offense or the elements of the offense occurred, the offense is deemed to have been committed in the parish where the body of the victim was found."

So.3d 851, 2010 WL 1838324 (La. App. 1st Cir. May 7, 2010).  The Petitioner thereafter sought supervisory review in the Louisiana Supreme Court, which Court denied review on December 17, 2010.  *See State v. Reynolds*, 51 So.3d 19 (La. 2010).  Upon the failure of the Petitioner to file an application for a writ of certiorari in the United States Supreme Court, his conviction became final on March 17, 2011, after expiration of the ninety-day period allowed for him to do so.

On or about March 14, 2011,[2] prior to expiration of the 90-day period for filing an application for a writ of certiorari in the United States Supreme Court, the Petitioner filed an application for post-conviction relief ("PCR") in the state trial court, wherein he asserted (1) that his guilty plea was not knowing and voluntary because of the failure of the trial court to sufficiently explain his right to remain silent and not incriminate himself, and (2) that he was provided with ineffective assistance of counsel when his attorney misrepresented the factual posture of the case and fraudulently conveyed to the Petitioner that the Petitioner would not receive a harsh sentence if he pleaded guilty.  On May 5, 2011, after a hearing, the state trial court denied the PCR application.[3]

According to the Petitioner, he then filed, on or about June 21, 2011, an application for

---

2. Although the Petitioner's application for post-conviction relief was docketed as filed in the state trial court on March 31, 2011, this Court will apply the "mailbox rule" articulated in *Houston v. Lack*, 487 U.S. 266, 271 (1988), pursuant to which an inmate petitioner is deemed to have filed his habeas corpus pleading on the date that he places it in the prison mailing system for delivery to the court, and not on the date that it is ultimately docketed by the receiving court.  Accordingly, inasmuch as the Petitioner apparently signed his state court application on March 14, 2011, and presumably gave it to prison officials for mailing on that date, this Court will utilize that date as the date of the Petitioner's filing.

3. The state court record does not include a copy of the transcript of the hearing of May 5, 2011.  The Petitioner acknowledges however, by reference to a state court docket entry of that date, that his PCR application was denied after the referenced hearing.  *See* Exhibit G to the Petitioner's habeas corpus application.  Rec. Doc. 1-3 at p. 37.

supervisory review in the Louisiana Court of Appeal for the First Circuit.[4] The state appellate court, however, denied the writ application on August 29, 2011, without substantive review, finding that the Petitioner had failed to comply with the procedural requirements set forth in the Uniform Rules, Louisiana Courts of Appeal, which Rules identify specific documentation which a petitioner must provide when filing an application for supervisory review.[5] Specifically, the court stated:

> **WRIT DENIED ON THE SHOWING MADE.** Relator failed to include the trial court's ruling, the waiver of rights form, and the transcript of the guilty plea in its entirety. Supplementation of this writ application and/or an application for rehearing will not be considered. See Uniform Rules of Louisiana Courts of Appeal, Rules 2-18.7 & 4-9. Any future filing on this issue should include the entire contents of this application, the missing items noted above, and a copy of this ruling. In the event relator elects to file a new application with this Court, the application must be filed on or before October 25, 2011.

See State Record, p. 280. The Petitioner did not thereafter file a second application for

---

4. The record copy of the Petitioner's application for supervisory review in the Louisiana Court of Appeal for the First Circuit was not dated by the Petitioner and, as a result, this Court is unable to determine the date on which the Petitioner submitted same to prison officials for mailing. Notwithstanding, whether the Court accepts the Petitioner's asserted filing date of June 21, 2011, or the date that the intermediate appellate court received same, June 27, 2011, the filing was nonetheless outside of the 30-day period provided by Louisiana procedural law for filing an application for supervisory review in the intermediate appellate court. *See* Rule 4-3 of the Uniform Rules, Louisiana Courts of Appeal. Further, even were the Court to accept the Petitioner's assertion that the lateness of the application was justified and excused by a "state of emergency" at the prison because of a "threatened breach in the levee," *see* Rec. Doc. 1-1 at p. 7, this excuse would not alter the Court's calculation of untimeliness in this case, discussed *infra,* specifically because the late-filed application was not "properly filed" in any event and so did not toll the one-year limitations period.

5. Rule 4-5 of the Uniform Rules, Louisiana Courts of Appeal, provides in pertinent part that an application for supervisory writs "shall contain ... a copy of the judgment, order, or ruling complained of ... a copy of the judge's reasons for judgment, order, or ruling ... a copy of each pleading on which the judgment, order, or ruling was founded, including ... the indictment or the bill of information in criminal cases ... a copy of any opposition and any attachments thereto filed by a party in the trial court ... a copy of pertinent court minutes ... the notice of intent and return date order required by Rules 4-2 and 4-3 ...."

supervisory review with the intermediate appellate court or provide the omitted documentation. Instead, on or about September 15, 2011,[6] he filed an application for supervisory review with the Louisiana Supreme Court, wherein he asserted the claims that (1) the record failed to reflect a valid waiver of his constitutional rights to remain silent, to a trial before a jury and to compulsory process, and (2) that his constitutional rights to due process and to remain silent were violated in connection with his guilty plea colloquy. The Petitioner's application was thereafter denied, without comment, on May 18, 2012. *See State ex rel. Reynolds v. State*, 89 So.3d 1184 (La. 2012).

Finally, on or about January 15, 2013,[7] the Petitioner filed the instant federal habeas corpus application in this Court. Although the State contends that the Petitioner's application in this Court is subject to dismissal, in part for failure of the Petitioner to exhaust state court remedies as mandated by 28 U.S.C. § 2254(b)(1)(A) and in part as being without substantive merit in a constitutional sense, the Court finds, in the alternative, that the Petitioner's application is untimely under federal law.[8]

The Petitioner's Claims Are Untimely

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period runs

---

6. Although the Petitioner's application for supervisory review in the Louisiana Supreme Court was docketed as filed on September 22, 2011, it was apparently signed by the Petitioner on September 15, 2011. *See* note 1, *supra*.

7. Although the Petitioner's application for federal habeas corpus relief was docketed as filed in this Court on January 16, 2013, it was apparently signed by the Petitioner on September 19, 2011. *See* note 1, *supra*.

8. A district court is permitted to consider, *sua sponte*, the timeliness of a state prisoner's habeas corpus petition. *Day v. McDonough*, 547 U.S. 198, 209 (2006).

from the date upon which the judgment becomes final through conclusion of direct review or through expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As provided by statute, the time during which a properly filed application for state post-conviction or other collateral review is pending with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period. 28 U.S.C. § 2244(d)(2). To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Further, a state application is "pending" both while it is before a state court for review and also during the interval after a state court's disposition while the petitioner is procedurally authorized under state law to proceed to the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

In the instant case, as noted above, the Petitioner's conviction became final on March 17, 2011, ninety days after denial of his application for supervisory review in the Louisiana Supreme Court in connection with his direct appeal. Prior to that date of finality, the Petitioner filed an application for post-conviction relief in the state district court on or about March 14, 2011. As a result, no time elapsed on the one-year clock because the limitations period was tolled during both the 90-day period for filing in the United States Supreme Court and the time that his PCR application was properly filed and pending before the state court. The one-year period thereafter remained tolled until dismissal of the Petitioner's PCR application in the state trial court on May 5, 2011, and for an additional thirty (30) days thereafter, or until June 4, 2011, because Louisiana procedural law provided for a 30-day period to proceed to the next level of state review and because, under federal law, the limitations period remained tolled both during the time that the properly-filed post-conviction review application was pending before the state trial court and

during the interval after the ruling thereon when the Petitioner had the right under state procedural law to proceed to the next level of appellate review. *Melancon v. Kaylo*, *supra,* 259 F.3d at 406 . Notwithstanding, as hereafter discussed, the Court concludes that the Petitioner's post-conviction relief proceedings ceased being pending on the latter date, June 4, 2011, and were not tolled by his subsequent filing, on or about June 21, 2011, of an application for supervisory review in the intermediate appellate court. This is because that subsequent application in the state appellate court was not properly filed and, as a result, the Petitioner is not entitled to any further tolling of the limitations period. Accordingly, more than 1½ years thereafter elapsed prior to his filing of the instant federal habeas corpus application on January 15, 2013, during which time the Petitioner did not have pending before the state courts any properly filed proceedings for post-conviction relief or other collateral review.

The basis for the Court's conclusion is as follows: Upon the filing of the Petitioner's initial PCR application on March 14, 2011, the limitations period remained tolled until May 5, 2011, on which date the state trial court denied the Petitioner's application. Pursuant to Rules 4-2 and 4-3 of the Uniform Rules, Louisiana Courts of Appeal, the Petitioner then had, in the absence of an extension, thirty (30) days, or until June 4, 2011, within which to file either a notice of intent to seek supervisory review in the state trial court or an application for supervisory review in the intermediate appellate court. Accepting the Petitioner's assertion that he submitted an application for supervisory review in the state appellate court on June 21, 2011, and pretermitting consideration of the apparent 16-day tardiness of that application, *see* note 4, *supra*, it is essential, in order for tolling of the limitations period to apply, that the appellate application be seen to have been "properly filed" in order for it to continue to toll the one-year limitations period. *Artuz v. Bennett, supra*, 531 U.S. at 9 (recognizing that a state court application for post-conviction relief

may be "*pending*, but not *properly filed*" for purposes of tolling) (emphasis in original)). Notwithstanding, the state appellate court explicitly determined that the application for supervisory review before that court was not properly filed, specifically because the Petitioner had not provided with his application the documentation required by Rule 4-5 of the Uniform Rules, and that court explicitly denied the Petitioner's application because of this procedural deficiency on August 29, 2011. Accordingly, even if the Petitioner's application for supervisory review in the intermediate appellate court was "pending" after he filed same on June 21, 2011, it was procedurally deficient and so was not "properly filed" within the meaning of § 2244(d)(2). As a result, the Petitioner is not entitled to tolling during the subsequent pendency of that application. *See Artuz v. Bennett, supra*, 531 U.S. at 9. Instead, there was only an improperly filed application pending and, thus, the running of the limitations period continued unabated.

In support of the above conclusion, the Court notes, as previously stated, that a state application for post-conviction relief is "properly filed" pursuant to § 2244(d)(2) only "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett, supra*, 531 U.S. at 8. *See also Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999) (holding that a properly filed application is "one that conforms with a state's applicable procedural filing requirements"). In *Larry v. Dretke*, 361 F.3d 890 (5th Cir. 2004), the Fifth Circuit summarized the law governing when a state application is "properly filed", and concluded, relative to procedural filing rules, that if the applicable procedural rule "provides 'no exceptions' and the court need not examine 'issues related to substance' to apply the procedural rule, then the application is not 'properly filed.'" *Id.* at 893, *citing Emerson v. Johnson*, 243 F.3d 931, 933-34 (5th Cir. 2001) (finding that an application is not "properly filed" where the procedural rule at issue "seemingly provides no exceptions and does not require an examination

of the merits of the [petitioner's] claim"). The decision in *Edwards v. Cockrell*, 2003 WL 21321231 (N.D. Tex., June 5, 2003), *affirmed*, 116 Fed. Appx. 470 (5th Cir. 2004), is also instructive. In that case, the state habeas petitioner had failed to comply with a procedural rule which required him to set out the grounds for relief in the body of his habeas corpus form and not by reference to an attached document. The state clerk of court nonetheless accepted the application for filing, and the trial court substantively addressed the claims asserted therein. Upon subsequent review by the state appellate court, however, that court rejected the petitioner's application in its entirety because the initial filing had been improper from the start because it had failed to comply with the referenced procedural rule. When the petitioner thereafter filed an application for federal habeas review, the federal district court determined that the petitioner's application was untimely, specifically because, although the petitioner's application had been "pending" for some period of time before the state courts, it had not been "properly filed" so as to interrupt the limitations period. Moreover, the mere fact that the application had been accepted for filing in the state trial court and had been substantively reviewed by that court did not render the state application "properly filed". This determination was thereafter upheld by the United States Court of Appeals for the Fifth Circuit. *See Edwards v. Dretke*, 116 Fed.Appx. 470 (5th Cir. 2004).

Turning to the instant case, Rule 4-5 of the Louisiana appellate court rules sets forth the documentation that "shall" be filed with an application for supervisory review. There is no exception stated in the Rule which would allow the appellate court to review an application which is not compliant therewith. Moreover, as a practical matter, the reviewing court would be unable to evaluate the substantive merit of a Petitioner's claim in the absence of the required documentation. In the instant case, the Petitioner's application for supervisory review in the

Louisiana appellate court was denied for failure to comply with this procedural Rule, specifically because the Petitioner "failed to include the trial court's ruling, the waiver of rights form, and the transcript of the guilty plea in its entirety," which documents might support the claims asserted in the application. In other words, the Petitioner failed to provide the documentation which the appellate court needed to evaluate the substantive merit of the Petitioner's claims.

In *Dugas v. Cain*, 2010 WL 2816247 (W.D. La. May 25, 2010), the United States District Court for the Western District of Louisiana addressed a situation similar to that presented herein. In that case, after denial of the petitioner's PCR application in the state trial court, the petitioner apparently filed two writ applications in the intermediate appellate court. Both of these applications were denied on procedural grounds, the first because the application was premature and the second because, as here, the petitioner failed to comply with Louisiana Rule 4-5 by failing to provide, *inter alia*, copies of the judgment complained of, the pleadings on which the judgment was founded, and the trial court's reasons for judgment. In thereafter addressing the timeliness of the petitioner's application for habeas corpus relief in federal court, the Court concluded that neither of these applications had tolled the limitations period "because both of the writs ... were not 'properly filed.'" *Id.* at *5. *See also* 2010 WL 2836278 (W.D. La. July 15, 2010) (adopting the Magistrate Judge's Report and Recommendation entered in that case).

Similarly, in *Mark v. Michael*, 2008 WL 4365929 (E.D. La. Sept. 23, 2008), an identical situation was presented, and whereas the Court ultimately concluded that the petitioner's habeas corpus application was independently untimely, the Court addressed the effect which would have been given to the petitioner's state court application for supervisory review in the intermediate appellate court, which application had failed to comply with Rule 4-5 and which application had been explicitly denied for that reason. As stated by the Court in *Mark*:

10

> [E]ven if the disputed writ application had been [timely] filed ..., it would change nothing here because it was not "properly filed" as required for tolling credit under 28 U.S.C. § 2244(d)(2). It is clear that a "properly filed application" is "one that conforms with a state's applicable procedural filing requirements," *i.e.* "those prerequisites that must be satisfied before a state court will allow a petition to be filed and accorded some level of judicial review." *Villegas v. Johnson*, [*supra*]. Therefore, to be "properly filed," an application must comply with the applicable "rules governing filings," including "the form of the document." *Artuz v. Bennett*, [*supra*]. Under the applicable rules of Louisiana state courts, an appellate court writ application must include all pertinent documents from the lower court .... Louisiana Uniform Rules - Courts of Appeal, Rule 4-5. Without any level of substantive review, the Louisiana First Circuit Court of Appeal rejected petitioner's application for noncompliance with that procedural rule .... Therefore, regardless of when [the petitioner's] application was filed, it was not "properly filed."

*Id.* at *3 n. 18. *See also Clarke v. Rader*, 2012 WL 589207 (M.D. La. Jan. 20, 2012), *affirmed*, 721 F.3d 339 (5th Cir. 2013) (concluding that a writ application filed without the documentation required by the Rule 4-5 was "not 'properly filed' for purposes of § 2254(d)(2)" and did not toll the limitations period); *Howard v. Cain*, 2011 WL 3794909 (M.D. La. Aug. 2, 2011) (same).

Based on the foregoing, this Court similarly concludes that the Petitioner's filing of an application for supervisory review in the Louisiana appellate court on June 21, 2011, which application did not comport with the procedural requirements of Uniform Rule 4-5 and which application was denied for that reason, was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). As a result, beginning on that date, he no longer had a properly filed application for post-conviction or other collateral review pending before the state courts. Accordingly, more than 1½ years of un-tolled time thereafter elapsed before he filed the instant habeas corpus application in this Court on January 15, 2013. This period compels the determination that the Petitioner's application in this Court is untimely and must be dismissed.[9]

---

9. In addition and in the alternative, the Court finds that the Petitioner's first two (2) claims – relative to his guilty plea colloquy and the alleged ineffective assistance of his counsel – are subject to dismissal for failure to exhaust state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A), and that the remaining three (3) claims – relative to venue in the state trial court – are subject to dismissal as asserting only the alleged violations of state law.

Finally, although this Court has the power to equitably toll the limitations period, *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999), the Court finds no compelling reason to recommend tolling in this case. Equitable tolling of the 28 U.S.C. § 2244(d) time-bar is permitted only "in rare and exceptional circumstances." *Id.* The doctrine "applies principally where the plaintiff is actively misled ... about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). Ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or legal assistance, and alleged inadequacies in the prison law library are not sufficient to warrant equitable tolling. *Tate v. Parker*, 439 Fed. Appx. 375, 376 (5th Cir. 2011); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Further, the courts have

---

Specifically, as to the first two claims, after the intermediate appellate court denied supervisory review on August 29, 2011, in connection with the denial by the state trial court of the Petitioner's PCR application (for procedural reasons), the appellate court explicitly provided the Petitioner with an opportunity to re-file for supervisory review before that court on or before October 25, 2011. The Petitioner chose not to do so, however, and instead proceeded directly to review before the Louisiana Supreme Court. As a result, it must be concluded that the Petitioner never provided the intermediate appellate court with a full and fair opportunity to review the substance of those claims, which opportunity is required for a finding of exhaustion of state remedies. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Similarly, the Petitioner's subsequent application for review before the Louisiana Supreme Court necessarily sought, not a substantive review of the claims asserted below, but instead a review of the lower appellate court's procedural ruling. Finally, it does not appear that the Petitioner's application before the Louisiana Supreme Court even asserted the claim of the alleged ineffectiveness of the Petitioner's counsel, and this claim, therefore, may be found to be unexhausted for separate and independent reasons.

Finally, as for the Petitioner's claims relative to venue, it is abundantly clear that these claims relate solely to alleged violations of state law and are not a proper subject of federal habeas review, which review is limited to claims of constitutional magnitude. *See Swarthout v. Cooke*, ___ U.S. ___, 131 S.Ct. 859, 861 (2011); *Suratt v. Cain*, 2008 WL 2073995 (W.D. La. March 11, 2008) (rejecting a habeas petitioner's claim based upon an alleged misapplication of Louisiana's venue provisions and La. Code Crim. P. art. 611); *Ololade v. Dretke*, 2006 WL 801229 (S.D. Tex. March 29, 2006) (same, involving a Texas venue provision).

12

consistently held that a habeas petitioner bears the burden of proving equitable tolling in this context, *see Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002), and that the petitioner is required to show that he has been diligently pursuing his rights. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). In the instant case, the Petitioner has made no attempt to meet this burden. Accordingly, the Court declines to recommend equitable tolling in this case.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the Petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006). (Emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of the Petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that the Petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

## RECOMMENDATION

It is recommended that the Petitioner's application for habeas corpus relief be denied as

untimely pursuant to 28 U.S.C. § 2244(d).  It is further recommended that, in the event that the Petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on February 4, 2014.

**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RHINE REYNOLDS (#505533)**                                     **CIVIL ACTION**

**VERSUS**

**BURL CAIN, WARDEN**                                            **NO. 13-0041-SDD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 4, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**