UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **RHINE REYNOLDS (#505533)** | **CIVIL ACTION** |
| **VERSUS** | |
| **BURL CAIN, WARDEN** | **NO. 13-0041-SDD-RLB** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 28, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RHINE REYNOLDS (#505533)**            **CIVIL ACTION**

**VERSUS**

**BURL CAIN, WARDEN**            **NO. 13-0041-SDD-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's Motion for Relief from a Final Judgment (R. Doc. 31), filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. This Motion has been referred to the undersigned for a Report and Recommendation. *See* R. Doc. 32.

Pursuant to Magistrate Judge's Report dated February 4, 2014 (R. Doc. 21), the undersigned recommended that the above-captioned habeas corpus proceeding be dismissed upon a finding, *sua sponte*, that the petitioner's application was untimely.[1] The petitioner filed a timely Objection to that Report (R. Doc. 22) and, after consideration thereof, pursuant to a Ruling and Order of Dismissal dated February 20, 2014 (R. Doc. 23), the Court accepted the findings and conclusions in the referenced Report and dismissed the petitioner's application as untimely. The petitioner appealed that Ruling and, on July 17, 2014, the United States Court of Appeals for the Fifth Circuit issued a Mandate denying a certificate of appealability and

---

1. The Magistrate Judge's Report also concluded, in the alternative, that the petitioner's claims were subject to dismissal, in part for failure to exhaust state court remedies in accordance with 28 U.S.C. § 2254(b)(1)(A) and in part as asserting state law procedural claims – relative to venue in the state trial court – that were not appropriate for review in a federal habeas corpus proceeding. *See* R. Doc. 21 at n. 9. In adopting the Magistrate Judge's Report, the District Judge addressed only the untimeliness of the petitioner's claims. *See* R. Doc. 23. Accordingly, the alternative grounds for dismissal of the petitioner's habeas corpus application have not been finally determined.

dismissing the petitioner's appeal. *See* R. Doc. 30. In doing so, the Fifth Circuit Court specifically concluded that, by failing to address the timeliness issue in his motion for a certificate of appealability, the petitioner had "abandoned any challenge to the determination that his petition is time barred." *Id.* Now, the petitioner has filed the instant motion seeking a reconsideration of this Court's original determination that his habeas corpus application is untimely. In doing so, he repeats the same arguments that he presented in objecting to the initial Magistrate Judge's Report, which arguments he presumably intended to assert on appeal but neglected to do so.

Initially, the Court must determine whether, in filing this motion under Rule 60(b), the petitioner has presented a claim that effectively seeks successive habeas corpus relief and that therefore requires prior authorization from the United States Court of Appeals for the Fifth Circuit in accordance with 28 U.S.C. § 2244(b). In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances under which a motion for relief from judgment pursuant to Rule 60 must be considered to be a successive application for habeas corpus. The *Gonzalez* Court concluded that a claim presented in a Rule 60 motion that re-visits a prior *substantive* denial of habeas relief or asserts a new basis for relief from a conviction is effectively a successive habeas corpus application. *Id.* at 532. As explained by the Fifth Circuit in *In re Hartzog*, 444 Fed.Appx. 63, 65 (5th Cir. 2011), *cert. denied*, ___ U.S. ___, 132 S.Ct. 1771 (2012), "[a] 60(b) motion is considered a successive collateral attack if it challenges an earlier denial of relief on the merits or raises new claims." In contrast, "[a] Rule 60(b) motion is not successive if it challenges 'not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings,'" as where it challenges a procedural issue, *e.g.*, timeliness or prematurity, that prevented a previous federal habeas court from reviewing the merits of the petitioner's claims. *Id.* at 65, *relying upon*

*Gonzalez v. Crosby, supra.*

Applying the foregoing standard, the Court concludes that the petitioner's Rule 60 motion is not a successive habeas application because it seeks reconsideration of the Court's procedural ruling on the issue of untimeliness. Accordingly, this Court is not precluded from considering the petitioner's claims as successive and may address the petitioner's claims raised in the instant motion.

Notwithstanding the foregoing, the petitioner's contentions are unavailing. Rule 60(b) provides that relief from a judgment may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief. Rule 60(c)(1) provides that a motion brought pursuant to Rule 60(b) "must be made within a reasonable time – and for reasons (1), (2) and (3) no more than a year after the entry of the judgment." Thus, Rule 60(b) grants a district court the power to relieve a party from a final judgment when warranted. "[T]he rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981). However, a motion under Rule 60(b) is not a substitute for a timely appeal, and it is not a proper vehicle for challenging mistakes of law or reasserting arguments that have already been made. *See Pryor v. United States Postal Service*, 769 F.2d 281, 286 (5th Cir. 1985) ("Rule 60(b) may not be used to provide an avenue for challenges of mistakes of law that should ordinarily be raised by timely appeal"). *Cf., Inter Financing Exchange, S.A. v. Bartlett & Co, Grain*, 659 F.2d 1320, 1321 (5th Cir. 1981) ("[Rule

60(b)] is not a substitute for a motion for a new trial, particularly when it is grounded upon evidence which could have been discovered and timely presented through the exercise of due diligence").

The Fifth Circuit recognizes several considerations that guide a court's analysis of a Rule 60(b) motion: (1) that final judgments should not lightly be disturbed, (2) that the Rule is not to be used as a substitute for an appeal, (3) that the Rule should be liberally construed in order to achieve substantial justice, (4) whether the motion is timely, (5) whether (if the judgment was issued without consideration of the merits), the interest in deciding cases outweighs the interest in the finality of judgments and there is merit in the movant's claim or defense, (6) whether (if the judgment was issued after consideration of the merits), the movant had a fair opportunity to present his claim or defense, (7) whether there are intervening equities that would make it inequitable to grant relief, and (8) any other factors relevant to the justice of the judgment under attack. *Magness v. Russian Federation*, 247 F.3d 609, 618 (5th Cir. 2001). In addition, the movant must make "a sufficient showing of unusual or unique circumstances justifying such relief," *Pryor v. United States Postal Service, supra*, 769 F.2d at 286, an "[g]ross carelessness," "ignorance of the rules," and "ignorance of the law" are not enough. *Id.* at 287.

Applying the foregoing to the petitioner's motion in this case, the Court concludes that the motion should be denied. The petitioner is effectively re-asserting the same arguments that he presented to this Court in connection with the initial dismissal of his claims. Specifically, his arguments and assertions now presented are the same as those presented by him in an Objection to the Magistrate Judge's Report issued in this case that recommended dismissal of his federal habeas corpus application as time-barred. In adopting the referenced Magistrate Judge's Report, the District Judge effectively considered and rejected these arguments and assertions, and it is

not appreciate for the Court to now re-visit same.  *See Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1203-04 (5th Cir. 1993) (finding that denial of a Rule 60(b) motion is "particularly appropriate" when "asserted on virtually identical grounds" as arguments previously rejected by the district court and raised beyond the time for direct appeal).  *See also Borne v. River Parishes Hospital*, 548 Fed. Appx. 954 (5th Cir. 2013) (upholding the denial of a Rule 60(b) motion where the plaintiff re-asserted factual and legal arguments that had been considered and rejected by the district court in initially dismissing the plaintiff's claims).  Although the petitioner pursued a timely appeal of the dismissal in this case, he neglected to address in his appeal the Court's determination of untimeliness.  As a result, the appellate court concluded that that issue had been abandoned.  The petitioner's error in failing to adequately present the issue of timeliness on direct appeal, whether such error was the result of carelessness or the result of ignorance of the rules or law, does not present such "unusual or unique circumstances" as would justify this Court's reconsideration of untimeliness in a motion for Rule 60(b) relief.  *See Pryor v. United States Postal Service, supra*, 769 F.2d at 286.  *See also Stevens v. Cain*, 2014 WL 3407109, *2 (E.D. La. July 10, 2014) (denying a Rule 60(b) motion filed by a plaintiff who sought reconsideration of a prior ruling and who, in an initial appeal, had been found to have failed to address the issue sought to be re-urged).  Further, as previously noted, this Court has alternatively concluded, as stated in the initial Magistrate Judge's Report, that the petitioner's claims, even if timely, were subject to dismissal on other grounds, which conclusion the petitioner has not addressed in the instant motion and did not address on direct appeal.  Accordingly, the equities in this case do not weigh in the petitioner's favor, and there are no other factors that suggest an entitlement to Rule 60(b) relief.  Accordingly, the petitioner's motion should be denied.

CERTIFICATE OF APPEALABILITY

Pursuant to statute, an appeal may not be taken to the federal court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal, this Court may nonetheless address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

RECOMMENDATION

It is recommended that the petitioner's Motion for Relief from a Final Judgment (R. Doc. 31) be denied. It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on April 28, 2015.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE