# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RHINE REYNOLDS (#525533)**                    **CIVIL ACTION**

**VERSUS**                                       **NO. 13-41-SDD-RLB**

**BURL CAIN, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 17, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

RHINE REYNOLDS (#525533)                          CIVIL ACTION

VERSUS                                            NO. 13-41-SDD-RLB

BURL CAIN, ET AL.

## REPORT AND RECOMMENDATIONS

Before the Court is the petitioner, Rhine Reynolds' *Motion for Relief to Set Aside Judgment Pursuant to Federal Rules of Civil Procedure Rule 60(b)(6)* (R. Doc. 55). It was referred to the undersigned on July 14, 2022. For the following reasons, it is recommended that the motion be denied.

## I.     PROCEDURAL BACKGROUND

The petitioner pled guilty in 2009 in the Eighteenth Judicial District Court for the Parish of West Baton Rouge to one count of second degree murder. On January 16, 2013 he filed with this Court a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.[1] The petition asserted the following claims: (1) the trial court erred during the guilty plea colloquy by failing to sufficiently advise the petitioner regarding his right to remain silent and to not incriminate himself, (2)  the petitioner was denied his right to due process and his privilege against self-incrimination during the guilty plea colloquy, (3) the trial court erred in denying a motion to quash the indictment based upon improper venue, (4) the trial court erred in its determination of venue when it failed to take into account the petitioner's statements regarding the parish in which the victim was killed, and (5) the trial court erred in refusing to allow the introduction of expert testimony on the subject of blood lividity to establish the parish in which the victim was likely

---

[1] R. Doc. 1.

1

killed. The petition was dismissed as untimely on February 4, 2014.[2] The petitioner's subsequent appeal to the Fifth Circuit Court of Appeals was unsuccessful.[3]

On September 3, 2014 the petitioner filed a Motion for Relief from Final Judgment pursuant to Rule 60(b).[4] The Court determined that the motion was not a successive habeas petition because his original petition was dismissed on procedural grounds. However, on April 28, 2015 the Court denied the petitioner's motion because it lacked merit.[5]

On January 28, 2020 the petitioner filed a Motion to Withdraw his guilty plea in the Eighteenth Judicial District Court for the Parish of West Baton Rouge.[6] The petitioner argued that the statute of limitations for post-conviction relief should be disregarded because he is actually innocent. He also argued that his conviction should be set aside because his guilty plea was involuntary and his case was adjudicated in the improper venue. The trial court summarily denied his motion on March 13, 2020.[7] The First Circuit denied review on June 5, 2020.[8] The Louisiana Supreme Court writ denial on November 10, 2020 noted that the petitioner's request for post-conviction relief was not timely.[9]

On January 25, 2021 the petitioner sought authorization from the Fifth Circuit Court of Appeals to file a successive habeas petition.[10] The petitioner argued that his guilty plea was involuntary because the trial court failed to advise him of the intent element of second degree murder, counsel was ineffective for failing to advise him of the intent element of second degree murder, and he is actually innocent. A three-judge panel of the Fifth Circuit denied the

---

[2] R. Doc. 21.
[3] R. Doc. 30.
[4] R. Doc. 31.
[5] R. Doc. 33.
[6] R. Doc. 55-1, pp. 10-34.
[7] *Id.* 36.
[8] *Id.* at 46, 48.
[9] *Id.* at 68-69.
[10] *Id.* at 73-131. Fifth Circuit docket no. 21-30039, March 5, 2021.

2

petitioner's motion on March 5, 2021.[11] The Fifth Circuit held that the petitioner failed to meet

the standard for a successive habeas petition:

> Reynolds has identified no applicable new rule of constitutional law, and in light
> of his admissions in his pleadings and at his guilty plea hearing, he fails to
> demonstrate that no reasonable factfinder would have found him guilty of second
> degree murder under Louisiana law absent constitutional error.
>
> This court does not recognize freestanding claims of actual innocence in a § 2254
> proceeding. Furthermore, while a showing of actual innocence may serve as a
> gateway for the consideration of claims in an applicant's first § 2254 application
> that would otherwise be barred, there is no indication given § 2254(b)(2)(B)'s
> requirements for filing a successive § 2254 application, that the exception for
> claims of actual innocence applies to the successive bar.
>
> Even if an actual innocence claim can serve as a gateway to raise successive claims
> without satisfying the requirements of § 2254(b)(2)(B), an applicant asserting such
> a claim must support it with new evidence showing that "it is more likely than not
> that no reasonable juror would have found [him] guilty beyond a reasonable doubt."
> Again, Reynolds fails to make the showing.[12]

The petitioner subsequently filed the instant Rule 60(b) motion contending that his state

court conviction should be vacated. The petitioner asserts the same reasons included in his

petition to the Fifth Circuit for authorization for a successive habeas petition: his guilty plea was

involuntary because the trial court failed to advise him of the intent element of second degree

murder,[13] and he received ineffective assistance of counsel because he failed to advise him of the

intent element of second degree murder.[14]

## II.   ANALYSIS

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of

his case, under a limited set of circumstances including fraud, mistake, and newly discovered

evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Besides identifying such a non-merits-

---

[11] *Id.* at 134-137.
[12] *Id.* at 135-136 (internal citations omitted).
[13] R. Doc. 55, pp. 6.
[14] *Id.* at 7, 18. The petitioner adds in his Rule 60(b) motion that his counsel was also ineffective for waiving his right
to appeal and failing to obtain a forensic pathologist to determine the victim's time of death.

based mistake, a movant is required "to show extraordinary circumstances justifying the reopening of a final judgment." *Id.* at 535 (internal quotation omitted). But "[u]sing Rule 60(b) to present new claims for relief[,] ... even claims couched in the language of a true Rule 60(b) motion[,] ... circumvents [the Antiterrorism and Effective Death Penalty Act's] ("AEDPA") requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Id.* at 531. So, a "federal court examining a Rule 60(b) motion should determine whether it ... presents a new habeas *claim* (an asserted federal basis for relief from a state court's judgment of conviction) .... If the Rule 60(b) motion does ... then it should be treated as a second-or-successive habeas petition and subjected to AEDPA's limitation on such petitions." *In re Edwards*, 865 F.3d 197, 203–04 (5th Cir. 2017) (internal quotations omitted).

AEDPA limits the circumstances under which a state prisoner may file a successive application for federal habeas relief.  A petition is successive when it raises a claim that was or could have been raised in an earlier petition. *See Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008). A claim presented in a second or successive application under Section 2254 must be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). The determination must be made by a three-judge panel of the Court of Appeals before a petitioner may file a successive application in federal district court. *Id.* § 2244(b)(3).

Although the petitioner's motion is couched as a Rule 60(b) motion, it is actually a successive habeas petition because it raises and briefs substantive claims. Indeed, the petitioner is likely aware that his claims amount to a successive habeas petition because he previously sought permission to bring these successive claims from the Fifth Circuit. A Rule 60(b) motion cannot be used to avoid the restrictions on successive habeas petitions. The petitioner also cannot use a Rule 60(b) motion to circumvent his unsuccessful attempt with the Fifth Circuit to obtain authorization to file a successive petition.

"If a petitioner files a 'second or successive' petition in the district court without first obtaining authorization from the court of appeals, the district court may transfer the petition to the court of appeals via 28 U.S.C. § 1631 because the district court lacks jurisdiction over the petition." *Storey v. Lumpkin*, 8 F.4th 382, 390 (5th Cir. 2021). Considering the Fifth Circuit's prior denial of authorization to file a successive habeas petition on essentially the same grounds, the Court concludes that a transfer pursuant to 28 U.S.C. § 1631 would be futile. Accordingly, it is recommended that the Court simply deny the motion for Rule 60(b) relief.

**III.     RECOMMENDATION**

For the foregoing reasons, the petitioner's *Motion for Relief to Set Aside Judgment Pursuant to Federal Rules of Civil Procedure Rule 60(b)(6)* (R. Doc. 55) should be is denied as a successive habeas petition.

Signed in Baton Rouge, Louisiana, on August 17, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**